01-1594 MJD

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION

MDL No. 1431
(MJD)

This Document Relates to All Actions

Pretrial Order No. 2

---

It is the Court's intent to appoint Plaintiffs' Liaison Counsel and Lead Counsel and/or a Plaintiffs' Steering Committee. Applications /nominations for these positions must be filed as an original and one copy with the Clerk's Office on or before January 31, 2002. If Counsel already submitted an application prior to this Order, it is not necessary to file additional papers. The Court will only consider attorneys who have filed a civil action in this litigation.

The main criteria for these positions are: 1)willingness and availability to commit to a time consuming project; 2) ability to work cooperatively with others; and 3) professional experience in this type of litigation.

Counsel interested in the Liaison and/or Lead Counsel positions shall appear before the Court on Friday, February 1, 2002 at 10:00 a.m.

Date: Jan 24, 02

Michael J. Davis

Michael J. Davis
United States District Court

FILED JAN 24 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(12)

01-1594 MJD

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

01-MD 1431 MJD/SRN

In re: BAYCOL PRODUCTS LITIGATION

MDL No. 1431
(MJD/JGL)

This Document Relates to All Actions

Pretrial Order No. 1

---

IT IS HEREBY ORDERED:

1. Consolidation of Related Actions. Any other actions filed that are related to this litigation are hereby consolidated into one action (the "Consolidated Action") for all purposes pursuant to Federal Rules of Procedure 42 and MDL Order dated December 18, 2001.

2. Caption of Case. All orders, pleadings, motions and other documents served or filed in this Consolidated Action shall have the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION

MDL No. 1431
(MJD/JGL)

This Document Relates to ["All Actions" or specify by title and case number the individual applicable cases if the document relates to less than all of the consolidated cases.]

3. The original of this order shall be filed by the Clerk and a copy thereof shall be filed in each subsequently filed or transferred similar action which is related to and consolidated with this action. The Clerk of Court will maintain docket and case files under the caption referred to in ¶ 2 above. All orders, pleadings, motions and other



11

FILED JAN 16 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

documents will, when filed and docketed in the master file, be deemed filed and docketed in each other case.

4. Any other action(s) pending, subsequently filed or transferred to this Court which arise(s) out of the acts or transactions alleged in the Consolidated Action will be reassigned to this Court, and shall be consolidated herewith if and when they are called to the Court's attention.

5. Initial Conference. The Court will conduct an initial conference on April 1, 2002 at 9:30 a.m. in Courtroom 14E, United States District Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

(a) Attendance. To minimize costs and facilitate a manageable conference, parties are not required to attend but shall be represented at the conference. Parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service.

(b) Service List. This Order is being mailed to the persons shown on Attachment A, which has been prepared from the list of counsel forwarded to this Court by the Judicial Panel on Multidistrict Litigation. Counsel on this list are requested to forward a copy of the order to other attorneys who should be notified of the conference. A corrected service list will be prepared after the conference.

(c) Other Participants. Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts are invited to attend in person or by counsel.

6. Purposes; Agenda. The conference will be held for the purposes specified in Fed. R. Civ. P. 16(a), 16(b), 16(c), and 26(f) and subject to the sanctions prescribed in Rule 16(f). The items listed in the *Manual for Complex Litigation (Third)*, sections 21.21 and 40.1 shall, to the extent applicable, constitute a tentative agenda. Counsel are encouraged to advise the Court as soon as possible of any items that should be added to the agenda.

7. Preparations for Conference.

(a) Procedures for Complex Litigation. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation (Third)*, and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

(b) Initial Conference of Counsel. Before the conference, counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class actions allegations, motions, and trial.

(c) Preliminary Reports. Counsel will submit to the court by March 18, 2002, a brief written statement indicating their preliminary understanding of the facts

involved in the litigation and the critical factual and legal issues. These statements will not be filed with the clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings.

(d) List of Affiliated Companies and Counsel. To assist the Court in identifying any problems of recusal or disqualification, counsel will submit to the Court on March 18, 2002, a list of all companies affiliated with the parties and all counsel associated in the litigation.

(e) List of Pending Motions. Counsel's statement shall list all pending motions.

(f) List of Related Cases. Counsel's statement shall list all related cases pending in state or federal court and their current status, to the extent known.

8. Interim Measures. Until otherwise ordered by the Court:

(a) Admission of Counsel. Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation. Association of local co-counsel is not required.

(b) Pleadings. Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the conference.

(c) Pending and New Discovery. Pending the conference, all outstanding disclosure and discovery proceedings are stayed and no further discovery shall be initiated. This Order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties

from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosure, responding to an outstanding discovery request under Rule 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

(d) Preservation of Records. Each party shall preserve all documents and other records containing information potentially relevant to the subject matter of this litigation. Each party shall also preserve any physical evidence or potential evidence and shall not conduct any testing that alters the physical evidence without notifying opposing counsel and, unless counsel stipulate to the test, without obtaining the Court's permission to conduct the test. Subject to further order of the Court, parties may continue routine erasures of computerized data pursuant to existing programs, but they shall (1) immediately notify opposing counsel about such programs and (2) preserve any printouts of such data. Requests for relief from this directive will receive prompt attention from the Court.

(e) Motions. No motion shall be filed under Rules 11, 12, or 56 without leave of court and unless it includes a certificate that the movant has conferred with opposing counsel in a good faith effort to resolve the matter without court action.

(f) Orders of Transferor Courts. All Orders by transferor Courts imposing dates for pleadings or discovery are vacated.

9. Later Filed Cases. This order shall also apply to related cases later filed in, removed to, or transferred to this Court.

DATED: Jan. 16, 2002

MICHAEL J. DAVIS
United States District Judge

Attachments:

A - Service List

01-1594 MJD

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 18 2001

FILED
CLERK'S OFFICE

A CERTIFIED TRUE COPY

DEC 18 2001

ATTEST
FOR THE JUDICIAL PANEL OF
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1431*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE BAYCOL PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL*

## *TRANSFER ORDER*

This litigation currently consists of the 36 actions listed on the attached Schedule A and pending in twenty federal districts as follows: nine actions in the Western District of Pennsylvania; three actions in the Western District of Oklahoma; two actions each in the District of Connecticut, the District of Kansas, the Eastern District of Louisiana, the Western District of Louisiana, the District of Minnesota, and the District of New Jersey; and one action each in the Northern District of Alabama, the Southern District of California, the Middle District of Florida, the Northern District of Florida, the Northern District of Illinois, the Southern District of Illinois, the Middle District of Louisiana, the Eastern District of Michigan, the Southern District of Mississippi, the District of New Mexico, the Eastern District of New York, and the Northern District of Ohio.[1] Before the Panel are six motions pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings. Plaintiffs in one action in the District of Connecticut, the action in the Northern District of Illinois, the action in the Eastern District of New York, two actions in the District of Minnesota, one action in the Western District of Oklahoma, and one action in the Western District of Pennsylvania move, respectively, for centralization in those districts.

All responding parties in the actions before the Panel agree that centralization is appropriate,

---

* Judge Selya took no part in the decision of this matter.

[1] In addition to the 36 actions before the Panel, the parties have notified the Panel of over 90 related federal court actions pending in 51 districts. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

A true copy in 3 sheets of the record in my custody.
CERTIFIED 1-30 2002
Richard D. Sletten, Clerk
BY: Deputy Clerk

10

DEC 19 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

# SCHEDULE A

MDL-1431 -- In re Baycol Products Liability Litigation

Northern District of Alabama

*Mary Swink v. Bayer, A.G., et al.*, C.A. No. 1:01-2275

Southern District of California

*Arnold Stauss v. Bayer Corp.*, C.A. No. 3:01-1650

District of Connecticut

*Otis Smithe v. Bayer Corp., et al.*, C.A. No. 3:01-1570
*Susan Corasio v. Bayer, A.G., et al.*, C.A. No. 3:01-1699

Middle District of Florida

*Dolores Canter v. Bayer Corp.*, C.A. No. 8:01-1543

Northern District of Florida

*Melissa Elaine Smith v. Bayer Corp.*, C.A. No. 4:01-406

Northern District of Illinois

*Ronald Cohen, et al. v. Bayer, A.G., et al.*, C.A. No. 1:01-6257

Southern District of Illinois

*Ronald Weber v. Group Bayer, et al.*, C.A. No. 3:01-545

District of Kansas

*Ronald O. Davis v. Bayer, A.G., et al.*, C.A. No. 6:01-1272
*Juanita Boling v. Bayer, A.G., et al.*, C.A. No. 6:01-1273

Eastern District of Louisiana

*Linda Schexnayder v. Bayer Corp.*, C.A. No. 2:01-2495
*John J. Fritzinger, et al. v. Bayer Corp., et al.*, C.A. No. 2:01-2850

Middle District of Louisiana

*Ada Jackson, et al. v. Bayer Corp.*, C.A. No. 3:01-771 01-2395

Western District of Louisiana

*Carol Arlene Naegele, et al. v. Bayer Corp., et al.*, C.A. No. 2:01-1684 01-2396
*William Scott Clark, et al. v. Bayer Corp.*, C.A. No. 6:01-1846 01-2397

Eastern District of Michigan

*Ionel Glazer v. Bayer, A.G., et al.*, C.A. No. 2:01-73314 -01-2398

District of Minnesota

*Raymond Dubberly v. Bayer Corp.*, C.A. No. 0:01-1594 MJD
*William J. Krohn v. Bayer Corp.*, C.A. No. 0:01-1624

Southern District of Mississippi

*Johnson Lee Davis, etc. v. Bayer Consumer Care*, C.A. No. 4:01-258 -01-2399
reply Trans to West District WA 10/29/01

District of New Jersey

*Salvatore Galasso v. Bayer Corp., et al.*, C.A. No. 2:01-3885 -01-2400
*Lora Gautier v. Bayer Corp., et al.*, C.A. No. 2:01-4245 -01-2401

District of New Mexico

*Ina Mitchell, et al. v. Bayer Corp.*, C.A. No. 1:01-1041 - 01-2402

Eastern District of New York

*Evelyn Sternberg v. Bayer, A.G., et al.*, C.A. No. 1:01-5557 01-2403

Northern District of Ohio

*Heriberto Rivera v. Bayer Corp., et al.*, C.A. No. 1:01-2117 -01-2404

Western District of Oklahoma

*Steven L. Sparks v. Bayer Corp.*, C.A. No. 5:01-1265
*Jack Hartman v. Bayer, A.G., et al.*, C.A. No. 5:01-1506
*Gloria Dowling v. Bayer, A.G., et al.*, C.A. No. 5:01-1507

Western District of Pennsylvania

*Diane Rosenthal v. Bayer Corp.*, C.A. No. 2:01-1574
*Arnold Seiffer v. Bayer Corp., et al.*, C.A. No. 2:01-1583
*Gloria Lighter v. Bayer Corp.*, C.A. No. 2:01-1604
*Barbara Elias-Vecchione v. Bayer Corp., et al.*, C.A. No. 2:01-1606
*Raymond L. Roberts v. Bayer Corp.*, C.A. No. 2:01-1617
*Patricia Srsich, et al. v. Bayer Corp., et al.*, C.A. No. 2:01-1618
*Patricia Hickerson v. Bayer Corp., et al.*, C.A. No. 2:01-1666
*Maude E. Jones v. Bayer Corp.*, C.A. No. 2:01-1670
*Doyle Woods v. Bayer Corp., et al.*, C.A. No. 2:01-1702